IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>EQUIPMENT SHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, and CASEY HIGLEY, individuals,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION FOR EXPEDITED DISCOVERY and DENYING LEAVE TO FILE REPLY<br><br>Case No. 2:19-cv-784 HCN<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Dustin B. Pead |

District Judge Howard C. Nielsen, Jr. referred this matter to the undersigned based upon 28 U.S.C. § 636(b)(1)(A). (ECF No. 29.) This matter is before the court on Plaintiff Sunstate Equipment Co., LLC.'s Motion for Short Form Discovery re Expedited Discovery. (ECF No. 34.) Sunstate seeks expedited discovery prior to the Rule 26(f) conference that normally commences the discovery process. Specifically, Sunstate seeks permission "to depose each Defendant for two hours of record time, without prejudice to remaining time permitted by rule; and the parties to serve up to five requests for production, with responses and production due within 14 days of service." (ECF No. 34 p. 3.) The court finds Sunstate has failed to demonstrate good cause for expedited discovery and therefore, will deny the motion. Also before the court is Sunstate's Motion for Leave to File Reply filed on January 27, 2020. (ECF No. 39.) As set forth below the court will also deny this motion.

Sunstate is a "national leader in equipment rental, and rents tools and equipment

for use in construction, industrial, and special events." ([ECF No. 4-1](#) p. 2.) Defendant Equipment Share, is also in the business of equipment rental offering "telematics and equipment utilization services."[1] *Id.* p. 3. Defendants Rhett Bautista, Steve Meadows and Casey Higley are former employees of Sunstate. Plaintiff claims it has certain trade secrets in its pricing list, customer list and revenue records. Allegedly Sunstate's trade secrets were misappropriated by the individual Defendants and taken to Equipment Share. Among the relief sought by Plaintiff is injunctive relief.

On October 16, 2019, the Third District Court in Salt Lake City, Utah, granted Sunstate's motion for a temporary restraining order (TRO) and set a preliminary injunction hearing for October 25, 2019. The case was removed to this court on October 18, 2019, prior to the injunction hearing. ([ECF No. 4-29](#).) When a state court issues a TRO before a case is removed to federal court, the order remains in effect the same as it would under state law, or no longer than Federal Rule 65 permits. *See [Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Driver Local No. 70 of Alameda Cty.](#)*, 415 U.S. 423, 435 (1974) (finding no basis that federal statute was intended to turn state court temporary restraining orders of limited duration into federal court injunctions of unlimited duration). Under the Utah Rules of Civil Procedure, the TRO expires 14 days after it entry. *See* [Utah R. Civ. P. 65A(b)(2)](#) ("The order shall expire by its terms within such time after entry, not to exceed 14 days, …."). According to the Federal Rules a TRO also expires after 14 days. *See* [Fed. R. Civ. P. 65(b)(2)](#). So under both state and federal law the TRO expired October 30, 2019.

---

[1] Telematics is a means of monitoring an asset such as a car, truck or ship by using GPS and onboard diagnostics to record movements on a computerized map. Another term that is often used is GPS fleet tracking.

On January 27, 2020, Plaintiff sought leave to file a reply memorandum asserting the TRO is still in place. (ECF No. 39.) That proposition is not supported in the initial moving papers and the undersigned finds it better to leave such a determination for the district judge. If Plaintiff desires to seek a TRO with this court, then such a motion may be filed. Accordingly, the court will deny the request to file a reply memorandum.

Generally, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …." Fed. R. Civ. P. 26(d). "'[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.'" *Living Scriptures v. Doe(s)*, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (quoting *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc*., 213 F.R.D. 418, 419 (D.Colo.2003)). This standard may be met where a party seeks a preliminary injunction, *see, e.g., Ellsworth Associates, Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C.1996), or where the moving party has brought claims for infringement and unfair competition. *See, e.g., Energetics Systems Corp. v. Advanced Cerametrics*, Inc., 1996 WL 130991, *2 (E.D.Pa.1996). That said, the court has discretion to limit discovery which is too burdensome or not proportional to the needs of a case. *See* Fed. R. Civ. P. 26(b).

Here, Plaintiff fails to establish the required good cause for expedited discovery. The declarations from Plaintiff's employees are insufficient. One provides that an employee saw a Defendant at a customer's office. (ECF No. 34-1.) And the other, provides that one of Plaintiff's employees saw "multiple hats with the Equipment Share name on the table" of another customer's office. (ECF No. 34-2 p. 2.) The insinuation that these circumstances involved the misappropriation of trade secrets warranting expedited discovery is tenuous at best. Such events

are just as prone to innocent explanations as they are to the corrupt circumstances Plaintiff seeks to infer. Further, a mere possibility that the case will "progress to a preliminary injunction hearing" if mediation is unsuccessful, does not by itself justify expedited discovery. (ECF No. 34 p. 3.)

Plaintiff's motions are therefore DENIED.

DATED this 28 January 2020.

_____
Dustin B. Pead
United States Magistrate Judge