# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> EQUIPMENT SHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, AND CASEY HIGLEY, individuals, <br><br> Defendants. | **SCHEDULING ORDER FOR PRELIMINARY INJUNCTION HEARING** <br><br> Case No. 2:19-cv-00784 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

The court has scheduled an evidentiary hearing on Plaintiff's request for a preliminary injunction, Dkt. No. 49, for April 21, 2020 at 10:00 a.m. in courtroom 7.300.[1] During the hearing, the court will also hear oral arguments on Defendants' motion to dismiss, Dkt. No. 35.

The following dates and deadlines are scheduled for the hearing and may only be modified by court order upon a showing of good cause.

**I.      Sunstate's Document Requests**

Pursuant to this court's instructions, Plaintiff has prepared a limited and specific request for document production, which Defendants have approved as to form. *See* Ex. 1.

---

[1] As used in this order, "Sunstate" refers to the Plaintiff, Sunstate Equipment Co., LLC.; "EquipmentShare" refers to Defendant EquipmentShare.com, Inc.; and "Individual Defendants" refers collectively to Defendants Bautista, Higley, and Meadows.

1

The Defendants shall produce the requested documents no later than March 26, 2020.

**II.    Sunstate's Declaration Describing Alleged Trade Secrets**

No later than April 1, 2020, Sunstate must file a declaration that specifically identifies and describes what it contends to be the trade secrets that are the subject of its complaint. The declarant must be a witness available for cross-examination at the hearing.

**III.   Disclosure of Witnesses**

Except for the corporate representative(s) designated pursuant to paragraph IV, the parties must disclose the witnesses upon whose declarations and testimony they will rely at the hearing no later than April 1, 2020.  Each disclosed witness must appear at the hearing. The Individual Defendants shall be witnesses at the hearing and must attend the hearing.

**IV.    Corporate Representative**

No later than April 1, 2020, Sunstate shall identify a reasonable and discrete list of topics about which it wishes to examine corporate representative(s) of EquipmentShare at the hearing. If EquipmentShare believes the list of topics unduly broad or burdensome, it shall promptly raise this issue with the court.

No later than April 10, 2020, EquipmentShare shall identify one or more corporate representatives who will appear at the hearing for examination regarding the topics identified by Sunstate. The corporate representative(s) shall have sufficient knowledge and authority to testify on behalf of EquipmentShare regarding these topics.

Defendant EquipmentShare shall submit declarations from one or more designated corporate representative(s) pursuant to Paragraph V. The declaration of each designated corporate representative shall identify the topic or topics about which the representative has

sufficient knowledge and authority to testify on behalf of EquipmentShare, as well as the basis of that authority and knowledge. The declaration(s) may also provide affirmative testimony related to the topics identified by Plaintiff.

## V.     Witness Declarations

No later than April 10, 2020, the parties must file declarations from each witness who will testify at the hearing. The declarations will be used in lieu of direct examination, and the live testimony at the hearing will involve only cross- and redirect examination. Given the format of the hearing, the court may permit cross-examination regarding relevant matters not addressed in the declarations, though it will impose reasonable limitations on the scope of cross-examination.

## VI.    Supplemental Briefing

The parties may file supplemental briefs in support of or opposition to the motion for a preliminary injunction no later than April 10, 2020. The parties need not—and should not—duplicate arguments made in the existing briefing, but they may elaborate upon and provide additional authority in support of such arguments as well as provide additional arguments. The parties may file response briefs no later than April 16, 2020. Response briefs shall address only matters raised in the opposing supplemental brief(s).

## VII.   Disclosure of Exhibits

No later than April 10, 2020, the parties must (1) jointly file a list of the exhibits (other than exhibits to be used solely for impeachment) that each party wishes to offer at the hearing in support of its declarations that will be used in lieu of direct examination, and (2) exchange copies of those exhibits. No later than April 16, 2020, the parties must (1) jointly file a list of the exhibits (other than exhibits to be used solely for impeachment) that each party wishes to offer at

the hearing for cross-examination, and (2) exchange copies of those exhibits. To the greatest extent possible, the parties shall stipulate to the admissibility of exhibits, so that the court can pre-admit and receive exhibits prior to the hearing. If a party has reasonable and valid evidentiary objections, those objections must be noted on the list of exhibits filed with the court, and the court will rule on those objections accordingly.

    IT IS SO ORDERED.

                                      DATED this the 13th day of March, 2020.

                                      BY THE COURT:

                                      _____
                                      Howard C. Nielson, Jr.
                                      United States District Judge

# EXHIBIT A

Mark O. Morris (4636)
Katherine R. Nichols (16711)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1531
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
mmorris@swlaw.com
knichols@swlaw.com

Eliot Burris (24040611) (*pro hac vice*)
Sara S. Staha (24088368) (*pro hac vice*)
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, Texas 75201
Telephone: (214) 964-9492
Facsimile: (214) 964-9501
Eliot.Burriss@hklaw.com
Sara.Staha@hklaw.com

*Attorneys for Plaintiff Sunstate Equipment Co., LLC*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **SUNSTATE EQUIPMENT CO., LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**EQUIPMENTSHARE.com, Inc.**, a Delaware corporation, **RHETT BAUTISTA**, **STEVE MEADOWS**, and **CASEY HIGLEY**, individuals,<br><br>Defendants. | **NOTICE OF PLAINTIFF'S EXPEDITED DISCOVERY REQUEST**<br><br>Case No. 2:19-cv-00784-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This matter came before the Court for hearing on March 11, 2020, on Plaintiff Sunstate

Equipment Co., LLC's ("**Sunstate**") request for expedited discovery in advance of the preliminary

1

injunction hearing scheduled in this matter. Eliot Burriss, Mark O. Morris, and Katherine R. Nichols represented Sunstate. Austin B. Egan represented Defendants, Rhett Bautista; Steve Meadows; and Casey Higley (collectively, "**Individual Defendants**"). Mark D. Taylor and Perry S. Clegg represented Defendant, EquipmentShare.com, Inc. ("**EquipmentShare**").

At the hearing, the Court granted Sunstate's request for limited, expedited discovery in advance of the preliminary injunction hearing set for April 21, 2020. Pursuant to the Court's ruling, Sunstate submits the following request for production under Federal Rule of Civil Procedure 34, and the Individual Defendants and EquipmentShare shall produce responsive materials no later than March 26, 2020 at 5 p.m.:

1. All text messages and e-mails sent or received by any of the Individual Defendants, on the one hand, and any employee, officer, or representative of EquipmentShare, on the other hand, and which reference, discuss, or reflect Sunstate's pricing information, Sunstate's customer lists, or the following Sunstate customers or their employees, officers, or representatives, including communications with the following:

    a. Sure Steel;

    b. R.L. Wadsworth, including but not limited to Ralph Wadsworth;

    c. Commercial Interiors Construction;

    d. E-Green Exteriors;

    e. Wallboard Specialties;

    f. ICO Construction;

    g. Redd Roofing;

    h. GSL Electric; and

2

       i. J Rock.

APPROVED AS TO FORM:

| STAVROS LAW P.C. | BAKER & McKENZIE LLP |
|---|---|
| /s/ Austin B. Egan<br>(signature affixed by permission)<br>Austin B. Egan<br><br>*Attorneys for Defendants Rhett Bautista, Steve Meadows, and Casey Higley* | /s/ Mark D. Taylor<br>(signature affixed by permission)<br>Michael E. Brewer (pro hac vice)<br>Mark D. Taylor (pro hac vice)<br>Meghan E. Hausler (pro hac vice)<br><br>KUNZLER BEAN & ADAMSON, PC<br>Perry S. Clegg<br>Andrea Kelly<br><br>*Attorneys for Defendant EquipmentShare.com, Inc.* |

3

4811-0175-9159.1