IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>EQUIPMENTSHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, and CASEY HIGLEY, individuals,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR CLARIFICATION<br><br>Case No. 2:19-cv-784 HCN<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Dustin B. Pead |

District Judge Howard C. Nielsen, Jr. referred this matter to the undersigned based upon 28 U.S.C. § 636(b)(1)(A). (ECF No. 29.) On May 27, 2020, the court entered an order denying Plaintiff's Motion to Strike and granted in part Defendants short form discovery motions. (ECF No. 90.) The parties disagree over the interpretation of the court's order and Plaintiff filed a Motion Requesting Court Mediation for Clarification. (ECF No. 91.) The parties have filed memoranda outlining their positions. (ECF No. 92, ECF No. 93.) The court has reviewed the parties' filings and enters the following:[1]

In its prior order the court ruled stating "IT IS FURTHER ORDERED that Defendants respective Short Form Discovery Motions are GRANTED in PART. The depositions are to be postponed until after Sunstate provides the required discovery concerning its alleged trade secrets that are at issue in the Complaint." (ECF No. 90 p. 4.) This part of the court's order is

---

[1] The court finds oral argument is unnecessary and decides the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

leading the parties to "remain at odds over the interpretation and effect of the Court's Order." (ECF No. 91 p. 2.) "Defendants understand that their Motions were granted 'in PART' because the Court did not grant Individual Defendants' request to postpone the depositions until after a ruling on Defendants' Motion to Dismiss." (ECF No. 92 p. 2.) This is correct. As noted by Defendants, the court stated in its order that it "is not persuaded that depositions should be postponed until after the motion to dismiss is ruled upon …." (ECF No. 90 p. 4.) Plaintiff Sunstate Equipment Co. LLC, seeks to take the depositions of the individual Defendants and noticed those depositions. The court ruling is that those depositions do not need to be postponed until after the Motion to Dismiss is ruled upon, but this is not the end of the ruling.

Defendants are also correct in noting that the court's order "does not extend Sunstate's deadline to fully respond to written discovery, …." (ECF No. 92.) As stated by the court in its prior order "Sunstate takes issue with Defendants attempts to establish the sequence of discovery by postponing depositions until after discovery requests regarding the alleged trade secrets are due." (ECF No. 90 p. 2.) The court's order rejects Sunstate's arguments against establishing the sequence of discovery and does exactly that, it establishes the timing of some discovery in this case. The noticed depositions may occur before a ruling on the Motion to Dismiss, but they are to occur after Sunstate responds to Defendants current outstanding discovery requests that include "the required discovery concerning its alleged trade secrets that are at issue in the Complaint." (ECF No. 90 p. 4.) The noticed depositions are not to proceed until after full responses have been provided and Defendants have had a reasonable opportunity to review those responses. Then the parties are to work cooperatively together to schedule the noticed depositions. The prior order did not subrogate Sunstate's right to conduct all discovery until it responds to Defendant's written discovery requests. Rather, it pertains to the noticed depositions

that were at issue in the specific motions. As already stated in its prior order: "Those depositions are to be postponed until after Sunstate provides the required discovery" as once again set forth above.

Accordingly, Sunstate's Motion Requesting the court clarify its order is GRANTED as outlined above.

IT IS SO ORDERED.

DATED this 3 June 2020.

_____
Dustin B. Pead
United States Magistrate Judge