IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>EQUIPMENTSHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, and CASEY HIGLEY, individuals,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:19-cv-784 HCN<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned based upon 28 U.S.C. § 636(b)(1)(A) from District Judge Howard C. Nielsen, Jr. (ECF No. 29.) Defendants seeks a protective order. (ECF No. 103.) As outlined below the court will deny the motion.[1]

BACKGROUND

In July 2020, Defendant Bautista suspected he was being monitored while driving a vehicle owned by Defendant EquipmentShare. "Defendants discovered a device with GPS tracking and audio monitoring capabilities installed on the vehicle." Mtn. p. 2. Plaintiff Sunstate Equipment Co., confirmed that it retained an investigation firm to place "an unspecified number of devices on Defendants' vehicles and conduct visual surveillance of Defendants." *Id.* Plaintiff avers that the tracking and surveillance stopped in December 2019. One device, however, remained installed through July 2020.

---

[1] The court finds oral argument is unnecessary and decides the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

DISCUSSION

Utah Code § 76-9-408 makes it unlawful to install a tracking device on a vehicle except in certain circumstances. For example, the section does not apply to "a peace officer, acting in the peace officer's official capacity, who installs a tracking device on a motor vehicle in the course of a criminal investigation or pursuant to a court order." Utah Code Ann. § 76-9-408. There is also an exception for a "licensed private investigator" who installs "the tracking device for a legitimate business purpose", if there is not a protective order prohibiting such installation and tracking. *Id*.

Defendants argue Sunstate's secretive monitoring "furthers no legitimate business purpose, violates Defendants' reasonable expectation of privacy, exceeds any legitimate use in an ordinary commercial dispute involving trade secret allegations, and is designed to annoy, embarrass, and harass Defendants in violation of [Federal] Rule 26(c)(1)." Mtn. p. 2. Defendants request an order prohibiting Sunstate from installing any tracking device on their vehicles, prohibiting Sunstate from engaging in any surveillance or tracking without first obtaining court permission, and that Sunstate be ordered to provide information regarding its surveillance activity. In contrast, Sunstate asserts it engaged in tracking via a licensed private investigator that complied with the law. Sunstate's purpose behind the tracking was to determine compliance with the temporary restraining order regarding the misappropriation of trade secrets.

On initial review, the secret tracking of Defendants seems offensive and concerning. Here, however, the court is persuaded that Sunstate's activities complied with Utah law. Sunstate sought to determine compliance with the temporary restraining order, engaged a licensed private investigator to do so, and there was not a protective order prohibiting such activates. Because Sunstate's activities complied with the law, there is no basis to grant Defendants' motion. In

addition, Defendants fail to support their request for information regarding Sunstate's surveillance activity, and regardless, such information is likely to fall within the purview of the work product privilege.

Defendants' motion is therefore DENIED.

DATED this 18 September 2020.

_____
Dustin B. Pead
United States Magistrate Judge