IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EQUIPMENTSHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, and CASEY HIGLEY, individuals,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:19-cv-784 HCN<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned based upon 28 U.S.C. § 636(b)(1)(A) from District Judge Howard C. Nielsen, Jr. (ECF No. 29.) Defendants seek a protective order "staying the depositions as noticed." (ECF No. 110.) As outlined below the court will deny the motion.[1]

BACKGROUND

Sunstate Equipment Co. LLC, alleges the individual Defendants misappropriated its trade secrets. On November 25, 2020, Plaintiff sent deposition notices for each of the individual Defendants seeking in-person testimony at Plaintiff's counsel's office. Individual Defendants point to the COVID-19 pandemic as a reason to stay the in-person depositions.

DISCUSSION

Federal Rule of Civil Procedure 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

---

[1] The court finds oral argument is unnecessary and decides the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

or expense ….") Fed. R. Civ. P. 26. Defendants assert it is an undue burden to do in-person depositions due to the current COVID-19 pandemic. In-person depositions have been a standard practice. The rules, however, provide courts with the authority to order a deposition take place via other means, such as via telephone or remotely. Fed. R. Civ. P. 30(b)(4). The court acknowledges the magnitude of the COVID-10 pandemic and the serious health challenges it presents. Yet, simply referencing the pandemic is not a golden ticket to get out of discovery obligations.

Here it appears Defendants want to have their cake and eat it too. Defendants want their own counsel present for any deposition, but they do not want opposing counsel present, citing to health concerns. According to Plaintiff, Defendants refused the offer of either doing the depositions entirely remotely-with everyone appearing remotely-or allowing an individual Defendant to appear in-person with both their own counsel and opposing counsel present and socially distanced. As noted by Defendants, courts have been creative during the current health crisis and have permitted remote depositions. *See, e.g.,* Swenson v. GEICO Cas. Co., 336 F.R.D. 206, 212–13 (D. Nev. 2020) (rejecting a motion to postpone depositions until they can be done in-person due to the current pandemic and noting that they may occur by remote means); *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020) ("Attorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely.") Such creativity, however, has not included creating advantages for one party over another in holding remote depositions. And, the court is not willing to indulge in creating such a situation here. If Defendants are concerned about their health risks due to the COVID-19 pandemic, then they may certainly choose to do a remote deposition. But, that choice includes everyone using remote technology. If Defendants desire

their counsel to be present and in-person for the deposition, then the court finds it is appropriate to have opposing counsel present too, with everyone exercising proper social distancing and any other needed precautions.

Accordingly, Defendants' motion is DENIED. The parties are ordered to meet and confer and move forward with depositions consistent with this decision.

IT IS SO ORDERED.

DATED this 16 December 2020.

_____
Dustin B. Pead
United States Magistrate Judge