IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EQUIPMENTSHARE, a Delaware Corporation, RHETT BAUTISTA, STEVE MEADOWS, and CASEY HIGLEY, individuals,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:19-cv-784 HCN<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned based upon 28 U.S.C. § 636(b)(1)(A) from District Judge Howard C. Nielsen, Jr. (ECF No. 29.) Defendants move the court seeking an order overruling Plaintiff's "boilerplate objections to Request for Production (RFP) No. 4", and an order requiring the production of responsive documents. (ECF No. 109 p 1.) As set forth below, the court will grant the motion.[1]

BACKGROUND

Sunstate Equipment Co. LLC, alleges the individual Defendants misappropriated its trade secrets. Defendants' RFP No. 4 seeks production of "Sunstate's rental proposals, price quotes, and other documents which contain Sunstate's rental pricing information sent to the 20

---

[1] The court finds oral argument is unnecessary and decides the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

customers which Sunstate alleges the Defendants unlawfully 'took' from Sunstate." (ECF No. 109 p. 2.) Defendants assert Plaintiff's response to their request is inadequate.

## DISCUSSION

The court first looks to Federal Rule 26, which governs discovery disputes. Federal Rule of Civil Procedure 26(b)(1) provides that

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

Here two principles embedded within Rule 26 must be balanced. First, discovery at this stage is more broadly construed. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant). And second, the court must balance proportionality considerations in light of the "parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (seeking to address the explosion of information that has been exacerbated by e-discovery).

Defendants' RFP No. 4 states:

In the time period of 2016 through the present date, produce Sunstate's Rental Proposals, price estimates/quotes, and any other documents which contain Sunstate's pricing information sent to customers or potential customers identified in the Notice of Expedited Discovery (ECF No. 72) or in Sunstate's answer to EquipmentShare's Interrogatory No. 7. (ECF No. 109-1.)

In response to this Request, Plaintiff provided the following:

>OBJECTIONS: This is four requests. Sunstate objects to the Request as overly broad, vague and ambiguous, not proportional to the needs of the case, and not relevant to any claims or defenses in this matter.

The parties disagree concerning the request and whether the response and objection is adequate. Defendants argue the request is proportional to the amount in controversy, damages in excess of $1 mission, relevant, and it goes to central issues in this case. In support Defendants cite to *Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1190 (10th Cir. 2009). In *Southwest*, the Tenth Circuit determined that general measures taken to keep pricing information private may be insufficient, making not every piece of confidential information a trade secret. *See id.* Specifically, when customers and vendors are not prevented from disclosing pricing information, that information may not be deemed a trade secret. The *Southwest* court cited to the explanation from the Supreme Court,

>Because of the intangible nature of a trade secret, the extent of the property right therein is defined by the extent to which the owner of the secret protects his interest from disclosure to others.... If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished.

*Id.* at 1190 (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002, 104 S.CT. 2862 (1984)).

In response, Plaintiff asserts that "misappropriated *compilations* of rental proposals, quotes, and pricing information" are trade secrets, and cites to a case from this district, *BYU v. Pfizer*, 861 F.Supp.2d 1320, 1323 (D. Utah 2012). The court is not persuaded by Plaintiff's position.

The question before the court at this time is not whether or not a compilation may be a trade secret. Rather, Defendants by their request seek to test whether the property right in the alleged trade secret has been extinguished Plaintiff's actions, or that of its customers. The court

finds the request relevant to the instant proceeding, especially at this stage of the discovery process. Further, in a case with damages in excess of $1 million the request is proportional as it limits the time frame from 2016 through the current time. The mere fact that Sunstate acknowledged sending the rental proposals is insufficient. As noted by the Tenth Circuit, information regarding how the proposals were treated by customers and potential customers, and how Sunstate sought to protect the information, is important in determining whether the compilations remain a trade secret.

Next, the court agrees with Defendants' argument that Plaintiff's response is basic boilerplate and insufficient. A recent decision from this court, *Smash Tech., LLC v. Smash Solutions, LLC,* 335 F.R.D. 438 (D. Utah 2020), is instructive on this far too common practice.

> The hallmark of a boilerplate objection is its generality. The word "boilerplate" refers to "trite, hackneyed writing"—an appropriate definition in light of how boilerplate objections are used. An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate objection might state that a discovery request is "irrelevant" or "overly broad" without taking the next step to explain why. These objections are taglines, completely "devoid of any individualized factual analysis." Often times they are used repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames "shotgun"—and "Rambo"—style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections.

*Smash Tech.*, 335 F.R.D. at 441 (citation omitted).

The objection here by Plaintiff clearly fits within the definition of a boilerplate objection. As such, the court overrules the objection and instructs Plaintiff to provide a meaningful response to the request within thirty (30) days from the date of this order.

Accordingly, Defendants' short form discovery motion is GRANTED.

DATED this 18 December 2020.

_____
Dustin B. Pead
United States Magistrate Judge